# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRISTIAN ANDERSON,

     Plaintiff,

Case No:

vs.

Honorable

WAYNE STATE UNIVERSITY,

     Defendant.

_____

STEPHEN M. LOVELL (P80921)
Attorney for Plaintiff
**Ernst Charara & Lovell, PLC**
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Phone: (313) 965-5555
Fax: (313) 965-5556
stephen@ecllawfirm.com

_____

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having  been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

_____

## COMPLAINT AND JURY REQUEST

NOW COMES the Plaintiff, Christian Anderson, by and through her attorneys, Ernst Charara & Lovell, PLC, and for her Complaint against the above-named Defendant, states as follows:

## JURISDICTION AND VENUE

1.      Plaintiff Christian Anderson is a female residing within the Eastern District of the State of Michigan.

2.      Plaintiff was at all times relevant to this Complaint a student of Defendant Wayne State University and protected under Title II of the Americans with Disabilities Act ("ADA") as a qualified individual with a disability.

3.      Defendant Wayne State University conducts business in the State of Michigan and does in fact regularly and systematically conduct this business in the Eastern District of Michigan.

4.      At all times relevant to this action, Wayne State University has been a recipient of federal financial assistance, and is therefore subject to the Rehabilitation Act, 29 U.S.C. § 794 and is a public entity under Title II of the ("ADA").

5.      The transactions and occurrences giving rise to this action took place in the County of Wayne, State of Michigan.

6.     The amount in controversy greatly exceeds this Court's jurisdictional requirement.

## FACTUAL ALLEGATIONS

7.     Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

8.     Plaintiff is a graduate student at Wayne State University who is studying to complete her Master's Degree in social work.

9.     Plaintiff was enrolled in the last two classes required for her to obtain her degree.

10.    One of the classes Plaintiff was enrolled in was Advanced Policy, taught by Professor Jacqueline Dannis.

11.    Plaintiff suffers from the disability of type 1 diabetes, which causes Plaintiff to be unable to regulate her blood sugar and requires her to strictly control her diet.

12.    When Plaintiff has flare ups of her type 1 diabetes, she suffers from headaches, fatigue, blurred vision, and difficulty focusing.

13.    Plaintiff requested reasonable accommodations, in writing, from Defendant for her disability.

14.   On May 11, 2021, Defendant issued a letter certifying that Plaintiff had presented the necessary documentation to authenticate her disability and made the following accommodation:   "Student may need to request from professor a reasonable extension on assignments due to the flare up of student's condition and if not altering the essential elements of the course."

15.   Plaintiff emailed the accommodation letter to Professor Dannis on May 11, 2021 and Plaintiff received an acknowledgment from Professor Dannis on May 12, 2021.

16.   Plaintiff had a flare up of her type 1 diabetes and requested an extension to complete her assignment on June 7 and June 14, 2021.

17.   Professor Dannis informed Plaintiff that she had to turn something in and then could have time to revise the assignment.

18.   Plaintiff turned in a partially completed assignment and was given until June 28, 2021 at 5:00 p.m. to complete the revisions.

19.   Plaintiff still needed more time to complete the assignment due to her disability and requested either an extension or to be given an "incomplete" because she could not see her doctor to adjust her insulin until July 19, 2021.

20.   Professor Dannis would not grant the request for a reasonable extension.

21.     If Plaintiff had received an "incomplete" for the class, as opposed to a failing grade, she would have a year to finish the assignment and yet her request for a reasonable accommodation for a substantially shorter time to complete the assignment was denied.

22.     The assignment for which Plaintiff needed an extension was the final assignment of the class.

23.     Plaintiff was given a failing grade and dismissed from her graduate program due to being unable to complete the assignment.

## COUNT I
## VIOLATION OF §504 of the Rehabilitation Act

24.     Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

25.     Discrimination on the basis of disability is prohibited by §504 of the Rehabilitation Act, 29 U.S.C. §794(a), which provides:

> No otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

26.     "States waive their Eleventh Amendment immunity with regard to Rehabilitation Act claims when they accept federal funds, and therefore, a Plaintiff

may sue a state under §504 of the Rehabilitation Act." *Dillon-Barber v. Regents of the Univ. of Mich.*, No. 250596, 2005 Mich. App. LEXIS 1400, at *13 (Ct. App. June 7, 2005). (Citing *Nihiser v. Ohio EPA*, 269 F.3d 626 (6th Cir. 2001)).

27.     Defendant Wayne State University receives federal financial assistance and as such are subject to §504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and the federal regulations promulgated thereunder.

28.     Plaintiff is an individual with a disability under the Rehabilitation Act.

29.     The conduct previously alleged violates §504 of the Rehabilitation Act.

30.     As a result of the actions of the Defendant, Plaintiff has suffered and will continue to suffer harm.

### COUNT II
### VIOLATION OF THE PERSONS WITH DISABILITIES
### CIVIL RIGHTS ACT M.C.L. §37.1101
*Failure to Accommodate*

31.     Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

32.     Plaintiff has a disability which has and does substantially limit major life activities.

33.     Plaintiff also, or in the alternative, was regarded as having a disability by Defendant.

34.     Plaintiff is qualified individual with a disability who was excluded from participation in and/or denied the benefits of the services, programs, or activities of Defendant, and/or was subjected to discrimination by Defendant.

35.     Plaintiff was otherwise qualified to participate in, and complete, Defendant's graduate program with accommodation, namely, allowing Plaintiff a reasonable extension of time to complete her final assignment.

36.     At the time Plaintiff was dismissed from the program, Defendant no longer allowed Plaintiff this reasonable accommodation.

37.     Defendant discriminated against Plaintiff by refusing to continue in reasonably accommodating Plaintiff's disability.

38.     As a result of Defendant's discriminatory conduct, Plaintiff suffered and continues to suffer damages.

## COUNT III
## VIOLATION OF ADA 42 U.S.C § 12131  *et seq.*

39.     Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

40.     At all relevant times, Defendant was a "public entity" within the meaning of the act.

41.     Plaintiff has a disability which has and does substantially limit major life activities and/or was regarded as having a disability by Defendant.

42.     Plaintiff is qualified individual with a disability who was excluded from participation in and/or denied the benefits of the services, programs, or activities of Defendant, and/or was subjected to discrimination by Defendant.

43.     Plaintiff was otherwise qualified to participate in, and complete, Defendant's graduate program with accommodation, namely, allowing Plaintiff a reasonable extension of time to complete her final assignment.

44.     At the time Plaintiff was dismissed from the program, Defendant no longer allowed Plaintiff this reasonable accommodation.

45.     Defendant discriminated against Plaintiff by refusing to continue in reasonably accommodating Plaintiff's disability.

46.     As a result of Defendant's discriminatory conduct, Plaintiff suffered and continues to suffer damages.

WHEREFORE, Plaintiff request that this Court enter judgment against Defendant, providing the following relief:

a. Compensatory damages in whatever amount that Plaintiff is found to be entitled;

b. Reinstatement of Plaintiff's in the graduate program;

c. An award of reasonable attorney's fees, expenses, and costs;

d. Other appropriate nondiscriminatory measures to overcome the above described discrimination; and

e. Such other and further relief that the Court deems appropriate.

Respectfully submitted,

/s/ Stephen M. Lovell
Stephen M. Lovell (P80921)
Counsel for Plaintiff
**Ernst Charara & Lovell, PLC**
Penobscot Building
645 Griswold, Suite 4100
Detroit, MI 48226
(313) 965-5555
Fax: (313) 965-5556
stephen@ecllawfirm.com

Date:  March 9, 2022

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CHRISTIAN ANDERSON,

     Plaintiff,

                                        Case No:

vs.                                       Honorable

WAYNE STATE UNIVERSITY,

     Defendant.

_____

STEPHEN M. LOVELL (P80921)
Attorney for Plaintiff
**Ernst Charara & Lovell, PLC**
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Phone: (313) 965-5555
Fax: (313) 965-5556
stephen@ecllawfirm.com

_____

## **JURY REQUEST**

     Plaintiff, by and through counsel, hereby requests a trial by jury in the

above-captioned matter.

                                Respectfully submitted,

                                /s/ Stephen M. Lovell
                                Stephen M. Lovell (P80921)
                                Counsel for Plaintiff
Date:  March 9, 2022                **Ernst Charara & Lovell, PLC**